AARON SWAFFORD in error v. JNO. K. HOWARD, Am'r.

PLEADING AND PRACTICE. *Certiorari and supersedeas. County Court. Concurrent jurisdiction of with Circuit and Chancery Court.* Writs of *certiorari* and *supersedeas* will not lie, from a judgment of the county court upon notes given in the purchase of land sold for partition, in the place of an appeal, the jurisdiction of the county court in such cases being concurrent with the chancery and circuit courts. A writ of error, or error *coram nobis*, would, perhaps, be the proper remedy in the absence of an appeal.

Code cited: Secs. 3266, 4205, 3148, 3100.

FROM BLEDSOE.

Appeal from the Circuit Court. JOHN B. HOYL, Judge.

No counsel marked.

McFARLAND, J., delivered the opinion of the court.

The plaintiffs in error presented to the Circuit Court of Bledsoe county their petition for writs of *certiorari* and *supersedeas* to bring up a judgment of the county court rendered against them. The nature of the case is very imperfectly set forth in the petition, and its prayer does not show whether the proceedings are to be brought up for a new trial or to be quashed.

The writs were granted, and a transcript of a record brought up which shows a proceeding in regular form for a sale of land for partition, in which the

land was sold, the sale confirmed, the title vested in the purchaser, with a lien retained to secure unpaid purchase money. The judgment complained of is upon one of the sale notes, against the makers and in favor of the clerk and commissioner, successor to the clerk and commissioner to whom the note was payable.

The circuit judge dismissed the *certiorari,* and from this the plaintiff in error appealed. We are of opinion that there is no error in the action of circuit judge.

The county court had concurrent jurisdiction with the circuit and chancery courts for the sale of land for partition, and in such cases full power to render judgment upon the notes of the purchaser and enforce payment. Code, secs. 3266, 4265.

An appeal lies to the circuit court from the judgment of the county court, unless otherwise provided. Code, sec. 3147. But in all cases in which the jurisdiction of the county court is concurrent with the circuit and chancery courts, the appeal lies directly to the Supreme Court. Code, sec. 3148. There being no appeal to the circuit court, a *certiorari* would not lie in the place of the appeal. But it is said the defendant in the judgment had no notice, and could not appeal, and that a writ of error would not have availed them, as the error complained of is one of fact not appearing; if so, the remedy was by writ of error *coram nobis* in the county court, which is expressly authorized in such cases. Code, sec. 3100.

In fact, no merits are stated in the petition. It charges that the note is unjust; the only defense

stated, however, is the statute of limitations, which manifestly has no application. The suit was all the time pending, the makers the of note being *quasi* parties for the purpose of rendering judgment and enforcing payment.

The judgment or decree in question is a part of the proceedings in the cause in the county court, and if reviewed must be reviewed upon the record of that cause as other proceedings in the nature of chancery proceedings are reviewed. The idea that it may be disconnected from that cause and retried as an action at law upon the note in the circuit court, is wholly untenable.

The action of the circuit court will be affirmed.